UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEFFREY HEITZENRATER, Individually : No.
and On Behalf of All Others Similarly :
Situated, :
 :
             Plaintiff, : **COMPLAINT AND JURY DEMAND**
 :
   -against- :
 :
OFFICEMAX, INCORPORATED and :
OFFICEMAX NORTH AMERICA, INC., :
 :
           Defendants. :
-------------------------------------------------------X

## INTRODUCTION

Plaintiff, JEFFREY HEITZENRATER ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff, Jeffrey Heitzenrater, alleges on behalf of himself and other current and former assistant managers and similarly situated current and former employees holding comparable positions but different titles, employed by Defendants OfficeMax, Incorporated and OfficeMax North America, Inc. (collectively "Defendants" or "OfficeMax") in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are: (i) entitled to unpaid overtime wages for hours worked above 40 in a workweek, as required by

law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

2. Plaintiff, Jeffrey Heitzenrater, pursuant to Fed. R. Civ. P. 23, further alleges on behalf of himself and other current and former assistant managers and similarly situated current and former employees holding comparable positions but different titles, employed by Defendants in the state of New York (hereinafter the "Class") that they are: (i) entitled to unpaid overtime wages for hours worked above 40 in a workweek, as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor Regulations and (ii) Defendants' willful failure to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3) resulting in penalties under NYLL §§ 198(1)(b) and 198(1)(d) .

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Plaintiff resides and worked, as here relevant, in this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.  Plaintiff's claims involve matters of national or interstate interest.

## THE PARTIES

*Plaintiff*

8.  During all relevant times, Plaintiff was employed by OfficeMax, including, specifically, throughout the period from January 2, 2011 until in or about October 1, 2011, as an assistant manager at Defendants' store located in Genesee County, Batavia, New York.

*Defendants*

9.  Defendant OfficeMax, Incorporated is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters at Naperville, Illinois.

10.  Defendant OfficeMax, North America, Inc. is a corporation, organized and existing under the laws of Ohio, with its corporate headquarters in Naperville, Illinois. Upon information and belief, it is a subsidiary of Defendant OfficeMax, Incorporated.

11.  According to its most recent 10K SEC filing, OfficeMax operates over 900 retail locations in 47 states throughout the country, with sales of over $4 billion in fiscal year 2011.

12.  Each Defendant does business under the trade name or mark of "OfficeMax."

13.  Each Defendant employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former assistant managers and, directly or indirectly, jointly or severally, including, without limitation, directly or

indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former assistant managers.  Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

14.     Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former assistant managers including, without limitation, those terms and conditions relating to the claims alleged herein.

15.     Defendants jointly employed Plaintiff and other similarly situated current and former Assistant Managers.

16.     At all times relevant herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA and the relevant provisions of the NYLL.

17.     At all times relevant herein, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA.

18.     At all times relevant herein, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by

any person, 29 U.S.C. § 203(s)(1). Further, Defendants have had and have a gross volume of sales made or business done of not less than $500,000.00.

19. At all times relevant herein, Plaintiff and all similarly situated assistant managers were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20. Defendants issued paychecks to the Plaintiff and all similarly situated employees during their employment.

21. Defendants directed the work of Plaintiff and similarly situated employees, and benefited from work performed that they suffered or permitted from them.

22. Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

23. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for their benefit in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants as assistant managers and other similarly situated current and former employees holding comparable positions but different titles, at any time from

September 21, 2009 to the entry of judgment in this case (the "Collective Action Period").

25. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and other similar employees.

26. There are many similarly situated current and former OfficeMax assistant managers (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

27. Those similarly situated employees are known to Defendants, are readily identifiable and can be located though Defendants' records.

## CLASS ACTION ALLEGATIONS

28. Plaintiff also brings NYLL class on behalf of himself and a class of persons under Fed. R. Civ. P. 23, consisting of all persons who work or have worked for OfficeMax as assistant managers or other comparable positions but different titles, from September 21, 2006, to the date of the judgment in this action (the "Class").

29. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although Plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.

30. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. whether Defendants have failed and/or refused to pay Plaintiff and the Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   b. whether Defendants willfully failed to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3), resulting in penalties under NYLL §§ 198(1)b and 198(1)d.

   c. the nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

   d. whether Defendants have a policy of misclassifying assistant managers as exempt from coverage of the overtime provisions of the NYLL;

   e. whether Defendants' policy of misclassifying assistant managers was done willfully;

   f. whether Defendants can prove that their unlawful policies were implemented in good faith.

32. Plaintiff's claims are typical of the claims of the Class he seeks to represent. Plaintiff and the Class work or have worked for Defendants as assistant managers in their retail stores and have not been paid overtime wages for the hours they have worked in excess of 40 per week. By misclassifying assistant managers as exempt from the NYLL overtime protections, Defendants have acted and refused to act on grounds generally applicable to the Class.

33. Plaintiff will fairly and adequately represent and protect the interests of the Class.

34. Plaintiff has retained counsel competent and experienced in complex class actions and in wage and hour litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this wage and hour litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

36. The members of the Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Class Members are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

37. Class treatment is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

**FACTUAL ALLEGATIONS**

38.   Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the FLSA Collective and the Class regularly worked in excess of 40 hours per week without being paid overtime wages.

39.   Defendants assigned all of the work that Plaintiff and the Class/Collective Action Members have performed, and/or Defendants are aware of all the work that they have performed.

40.   All members of the Class/Collective performed the same primary job duties including customer service, stocking shelves, working the cash register, unloading trucks, selling merchandise, setting up displays, counting inventory, cleaning the store, working in the copy center, pricing merchandise, collecting shopping carts in the parking lot, merchandise recovery and organizing shelves.

41.   Pursuant to a centralized, company-wide policy, pattern and practice, Defendants classified all assistant managers as exempt from coverage of the overtime provisions of the FLSA and the NYLL.

42.   Defendants did not perform a person-by-person analysis of every assistant manager's job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's and the NYLL's overtime protections.

43.   As part of their regular business practice, the Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of

violating the FLSA and the NYLL with respect to Plaintiff and the Class/Collective Action Members. This pattern or practice includes but is not limited to:

    a.    willfully misclassifying Plaintiff and the Class/Collective Action Members as exempt from the overtime requirements of the FLSA and the NYLL; and

    b.    willfully failing to pay Plaintiff and the Class/Collective Action Members overtime wages for hours they worked in excess of 40 hours per week.

44. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and NYLL.

45. Defendants are aware, or should have been aware, that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

46. Defendants' failure to pay overtime wages for work performed by the Class/Collective Action Members in excess of 40 hours per week was willful.

47. Defendants' unlawful conduct has been widespread, repeated and consistent.

## **PLAINTIFF'S WAGE AND HOUR ALLEGATIONS**

48. Plaintiff worked for OfficeMax throughout the period from January 2, 2011 until in or about October 1, 2011.

49. The tasks that Plaintiff regularly performed as an assistant manager included but are not limited to:

    a. customer service;

    b. stocking shelves;

    c. working the cash register;

    d. unloading trucks;

    e. selling merchandise;

    f. setting up displays;

    g. counting inventory;

    h. cleaning the store;

    i. working in the copy center;

    j. pricing merchandise;

    k. collecting shopping carts in the parking lot; and

    l. merchandise recovery and organizing shelves.

50. Plaintiff's primary job duties as an assistant manager did not include hiring, firing, scheduling, or disciplining other employees.

51. Plaintiff's primary duties when classified as an exempt employee did not differ substantially from the duties of non-exempt hourly paid employees.

52. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

53. Plaintiff's primary duties were manual in nature. The performance of manual labor occupied the majority of the Plaintiff's working hours.

54. Consistent with Defendants' policy and pattern or practice, Plaintiff regularly worked in excess of 40 hours per workweek without being paid overtime wages.

55. Defendants were or should have been aware that state and federal law required them to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT
### (Brought on Behalf of Plaintiff and all Collective Action Members)

56. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

57. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

58. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form is attached as Exhibit A.

59. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

61. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

63. Defendants have failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

64. Defendants' violations of the FLSA, as described in this Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and other similarly situated current and former employees.

65. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66. As a result of the Defendants' violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

67. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and all Class Members)

68. Plaintiff realleges and incorporates by reference Paragraphs 1 through 55 as if fully set forth herein.

69. At all times relevant to this action, Plaintiff was an employee and Defendants have been employers within the meaning of the NYLL.

70. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

71. Defendants have failed to pay Plaintiff and the Class the overtime wages to which they were entitled under the NYLL.

72. By virtue of Defendants' failure to pay Plaintiff and the Class Members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

73. As a result of Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (New York Labor Law: Failure to Comply With Notice and Record Keeping Requirements)
### (Brought on Behalf of Plaintiff and all Class Members)

74. Plaintiff realleges and incorporates by reference Paragraphs 1 through 55 as if fully set forth herein.

75. NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

76. NYLL § 661 requires Defendants to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

77. 12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

78. NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

79. N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

80.  Defendants did not provide the Plaintiff and members of the Class with the requisite notices and statements described above.

81.  As a result of Defendants' failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), Plaintiff and the Class Members are entitled to recover from Defendants penalties as provided by NYLL § 198(1)b and 198(1)d.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JEFFREY HEITZENRATER, on behalf of himself and all other similarly situated persons, prays for the following relief:

a.  At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are presently or have been employed by Defendants as an assistant manager or holding comparable positions but different titles, at any time from September 21, 2009, through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform them that this civil action has been filed, of the nature of the action and of their right to join this lawsuit;

b.  Equitable tolling of the FLSA statute of limitations as a result of the Defendants' failure to post requisite notices under the FLSA;

c.  Unpaid wages in the maximum amount allowed under the FLSA;

d.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for overtime compensation pursuant to 29 U.S.C. § 216;

    e.       Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

    f.       Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3).

    g.       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    h.       Designation of the Plaintiff as representatives of the Class, and counsel of record as Class Counsel;

    i.       Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

    j.       Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

    k.       An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

    l.       An award of prejudgment and post-judgment interest;

    m.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    n.       Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, JEFFREY HEITZENRATER, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 21, 2012

Seth R. Lesser
**KLAFTER, OLSEN & LESSER LLP**
Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Susan H. Stern*
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiff and the Putative Collective and Class*

* To apply for admission *pro hac vice*