UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY HEITZENRATER, Individually
and On Behalf of All Others Similarly
Situated,

                        Plaintiff,      **DECISION AND ORDER**

    v.

OFFICEMAX INCORPORATED and              12-CV-900S
OFFICEMAX NORTH AMERICA, INC.,

                        Defendants.

---

1. Before the Court is the parties' Joint Motion To Opt Out of Alternative Dispute Resolution, filed pursuant to Section 2.2 of the Court's Alternative Dispute Resolution ("ADR") Plan.

2. This action has been filed by plaintiff under the federal Fair Labor Standards Act ("FLSA") alleging defendants' failure to pay overtime wages to plaintiff and to "all others similarly situated." (Complaint, Docket No. 1). The parties submit in their motion that plaintiff will be moving for "Conditional Certification" pursuant to Section 216(b) of the FLSA for adjudication of the issue of whether this case will apply to plaintiff only or to a larger number of persons "similarly situated."

3. The Court's ADR Plan allows litigants to move to opt out of or for relief from ADR upon a showing of good cause, providing the reasons why ADR has no reasonable chance of being productive. The parties here contend that there is no reasonable chance of productive mediation until (a) the aforesaid motion for conditional certification is adjudicated and (b) discovery on the merits is thereafter conducted.

4. As to basis (a) above, after due consideration, the Court finds that good cause has been established to defer mediation until adjudication of a motion for conditional certification. As to basis (b) above, the Court observes that the ADR Plan provides for "quicker, less expensive ... alternatives to continuing litigation" (Plan, Section 1.2) and immediate referral to ADR upon the filing of a complaint (Plan, Section 2.1A), clearly contemplating that mediation will be conducted prior to extensive discovery. The claimed need for discovery on the merits does not constitute good cause. Therefore,

5. **IT HEREBY IS ORDERED** that the parties' joint motion to defer mediation until adjudication of plaintiff's motion for conditional certification is **GRANTED**, that the parties' joint motion to further defer mediation until after the conducting of discovery on the merits is **DENIED**, and that after determination of said motion for conditional certification, a scheduling order containing ADR-related deadlines will be issued.

**SO ORDERED**.

Dated: February 25, 2013
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court