

Littler Mendelson, PC
1100 Superior Avenue
20th Floor
Cleveland, OH 44114

Timothy S. Anderson
216.696.7600 main
216.649.0503 fax
tanderson@littler.com

July 29, 2014

**VIA FACSIMILE (716) 551-1855
AND ELECTRONIC FILING**

Honorable Leslie G. Foschio
United States Magistrate Judge
2 Niagara Square
Buffalo, New York  14202

Re:   Jeffrey Heitzenrater, et al. v. OfficeMax Incorporated, et al.
      U.S. District Court for the Western District of New York
      Case No. 1:12-cv-00900-WMS-LGF

Dear Judge Foschio:

We represent Defendants OfficeMax Incorporated and OfficeMax North America, Inc. in the above-referenced FLSA collective action.  As set forth in the Proposed Discovery Plan, the parties disagree on the scope of written discovery to be served on opt-in Plaintiffs.  Following conditional certification, 325 current and former OfficeMax Assistant Store Managers elected to opt into this case, claiming that OfficeMax misclassified them as exempt.  The parties agreed that OfficeMax may depose and serve written discovery on 30 of these opt-in Plaintiffs.  Plaintiffs, however, contend that OfficeMax should not be permitted to conduct any discovery, including written discovery, with respect to the remaining 295 opt-in Plaintiffs. On the other hand, for the reasons set forth below, OfficeMax asserts that it has a right to seek written discovery from all opt-in Plaintiffs, especially insofar as it merely wishes to serve five requests for production and four interrogatories on each opt-in Plaintiff who will not be deposed to gather information germane to a decertification motion and damages.

> **A.   Allowing Individualized Discovery in an FLSA Collective Action is Consistent with the Opt-ins' Status as Party Plaintiffs.**

Unlike Rule 23 opt-out class actions, employees may not participate in an FLSA collective action unless they expressly consent to participate as a party plaintiff and file a consent form with the court. 29 USC § 216(b).  The FLSA's language is clear – filing a consent to join a collective action means the "employee shall be a party plaintiff." 29 U.S.C. § 216(b).  In contrast to a Rule 23 class action where absent class members do not have status as party

plaintiffs, opt-ins in a FLSA collective action are all party plaintiffs.[1] Having voluntarily opted into the litigation, opt-in plaintiffs under § 216(b) of the FLSA "are not 'passive' in the same sense as absent Rule 23 class members" and are expected to actively participate in the litigation.[2]

This is not a situation where discovery is served on absent class members or unknowing participants in the suit. The stipulated notice sent to all opt-in Plaintiffs states, under the heading "What Happens if I Join?" – "If you join, you may be required to participate in the discovery process, such as answering questions under oath and providing documents." (ECF #83, 85). Nonetheless, Plaintiffs' counsel now takes the view that only 9% of the Plaintiffs who opted into the case during the notice period should participate in discovery, leaving OfficeMax unable to conduct *any* discovery with respect to nearly 300 opt-in Plaintiffs. All opt-ins were aware they may be required to participate in discovery, yet they chose to become party plaintiffs. They should not be excused from their obligation to provide modest written discovery.

> **B. Numerous Cases Recognize that Defendants are Entitled to Serve Written Discovery on All Opt-in Plaintiffs**

The FLSA conditional certification mechanism is distinct from the Rule 23 opt-out procedure because a plaintiff in a collective action need only meet a lenient standard to demonstrate the case is appropriate for conditional certification. Following second stage discovery, the court applies a much stricter standard, which requires evaluation of several factors, including: "(1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039, *29-31 (S.D.N.Y. Sept. 29, 2006), citing, *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102-1103 (10th Cir. 2001). The first and second factors expressly hinge on the individual facts and circumstances of each opt-in Plaintiff. Written discovery is essential to obtain information on individual Plaintiffs' disparate factual settings and OfficeMax's defenses to decide if this action meets the heightened standard for certification.

---

[1] *White v. Baptist Mem'l Health Care Corp.*, 2011 U.S. Dist. LEXIS 52928, *8 (W.D. Tenn. May 17, 2011), citing, *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009); 7B Wright, Miller, & Kane, Federal Practice and Procedure § 1807 at 474, n. 13 (3d ed. 2005)("every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not").

[2] *Luna v. Del Monte Fresh Produce, Inc.*, 2007 U.S. Dist. LEXIS 36893, *22 (N.D. Ga. May 18, 2007); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)("[I]n contrast to Rule 23 class actions, the existence of collective action under § 216(b) does depend on the active participation of other plaintiffs").

Even in the Rule 23 context, in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011), the Supreme Court admonished that district courts cannot engage in "Trial by Formula" and that an employer maintains a fundamental right to "litigate its statutory defenses to individual claims." Numerous post-*Dukes* cases recognize that due process requires courts to permit at least written discovery from all opt-in Plaintiffs.[3] Even before *Dukes*, numerous courts permitted written discovery to be served on all opt-ins, finding it to be essential to a defendant's case.[4] These cases are consistent with the FLSA's language that "representative

---

[3] *McFadden v. Corrections Corp. of Am.*, 2012 U.S. Dist. LEXIS 21173, *20 (D. Kan., Feb. 21, 2012)(compelling responses to written discovery from all 250 opt-ins, noting, "[t]he opt-in Plaintiffs have chosen to become parties to this action. As such, they are required to act in accordance with all relevant rules and Orders of this Court"); *Zanes v. Flagship Resort Dev., LLC*, 2012 U.S. Dist. LEXIS 23083, *3 (D.N.J. Jan. 30, 2012)(noting that the court previously ordered that all opt-ins must respond to written discovery); *Scovil v. FedEx Ground Package Sys.*, 2011 U.S. Dist. LEXIS 131336, *12 (D. Me. Nov. 14, 2011)(allowing 30 interrogatories and 20 document requests to *each opt-in*); *Faust v. Comcast Cable Comm. Management, LLC*, No. 10-2336 (D. Md. Mar. 27, 2012 Letter Order)(allowing 10 interrogatories and 10 document requests to each opt-in); *Wade v. Werner Trucking Co.*, 2014 U.S. Dist. LEXIS 35653 at *92-93 (S.D. Ohio Mar. 18, 2014)(court "allow[ed] [defendant] to obtain discovery on each member of the entire class – both to determine if there is a class, and to determine if each proposed member is exempt"); *White v. 14051 Manchester, Inc.*, 2013 U.S. Dist. LEXIS 62833, *5-6 (E.D. Mo. May 2, 2013)(allowing written discovery to all opt-ins).

[4] In *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 449-452 (S.D.N.Y. 1995), the court permitted individualized discovery of 162 opt-in plaintiffs. In *Stickle v. Sci Western Market Support Ctr.*, 2010 U.S. Dist. LEXIS 83986, *14-16 (D. Ariz. Aug. 13, 2010), the court allowed a set of 11 interrogatories to be served upon 1,400 opt-in plaintiffs. In *Renfro v. Spartan Computer Servs., Inc.*, 2008 U.S. Dist. LEXIS 13194, *5-7 (D. Kan., Feb. 19, 2008), the court permitted interrogatories and document requests to be served on over 100 opt-in plaintiffs, reasoning that plaintiffs were on notice that they might be expected to comply with discovery requests and defendant had a right to seek discovery from them as "party plaintiffs" under the FLSA. In *Abubakar v. City of Solano*, 2008 U.S. Dist. LEXIS 17456, *7-8 (E.D. Cal. Feb. 22, 2008), the court required the 160 opt-in plaintiffs to respond to defendant's interrogatories and requests for production of documents, persuaded by the reasoning in *Coldiron v. Pizza Hut, Inc.*, 2004 U.S. Dist. LEXIS 23610, *5-7 (C.D. Cal. Oct. 25, 2004). In *Coldiron*, the court granted a motion to compel individualized written discovery from all 306 opt-ins because "the question of whether the plaintiffs were similarly situated within the meaning of 29 U.S.C. § 216(b) was contested, and because defendant intended to move to decertify the class, individualized discovery was both 'necessary and appropriate.'" *Abubakar*, 2008 U.S. Dist. LEXIS 17456 at *7-8, *citing*, *Coldiron*, 2004 U.S. Dist. LEXIS 23610 at *6. *Abubakar* also cited *Brown v. Dunbar & Sullivan Dredging Co.*, 8 F.R.D. 107, 108-109 (W.D.N.Y. 1948), in which the court required each of the 70 FLSA collective action plaintiffs to respond to interrogatories requesting specific information about work they performed. In *Morgan v. Family Dollar Stores, Inc.*, the court ordered over 2,500 opt-in plaintiffs to respond to 25 interrogatories and 30 document requests. No. 01-C-0303-W (N.D. Ala., Mar. 15, 2004 Order). *See also*, *Evans v. Lowe's Home Centers, Inc.*, 2005 U.S. Dist. LEXIS 19072, *5 (M.D. Pa. Aug. 29, 2005)(allowing 25 interrogatories and 10 document requests to each of the 508 opt-in plaintiffs in an FLSA collective action); *Kaas v. Pratt & Whitney*, 1991 U.S. Dist. LEXIS 11177, *6-7, 14, 22 (S.D. Fla. Mar. 18, 1991)(allowing individualized discovery of approximately 100 opt-in plaintiffs because the defendant could challenge the joinder of any party as to whether the parties are in fact similarly situated, thus making meaningful discovery not only permissible but "essential"); *Daniel v. Quail Int'l, Inc.*, 2010 U.S. Dist. LEXIS 294, *4-5 (M.D. Ga. Jan. 5, 2010)(permitting individualized discovery where defendant intends to decertify the class and seeks discovery on whether opt-ins are similarly situated).

actions are banned."[5] Opt-in Plaintiffs must prove their cases individually and OfficeMax is only testing their claims with minimal discovery requests. Even if some representative testimony is allowed, OfficeMax's need for individualized discovery only increases. OfficeMax deserves the opportunity to demonstrate through discovery that non-testifying plaintiffs lack viable claims and that testifying plaintiffs are not representative of the class. Without such discovery, the court would not have any basis to evaluate differences among opt-ins nor whether representative testimony is appropriate.

### C. Defendants Intend to Move to Decertify this Action, Making the Discovery at Issue Critical to Their Defense.

Since OfficeMax will move to decertify the action, it is critical that discovery is not limited due to some speculative burden on the opt-in Plaintiffs who are in sole possession of critical information OfficeMax seeks. Plaintiffs are free to obtain dozens of declarations from opt-in Plaintiffs in support of their case, but argue that OfficeMax should be denied the same information. This position lacks legal support.

As in this case, in *Renfro v. Spartan Computer Servs.*, 2008 U.S. Dist. LEXIS 13194, *3-4 (D. Kan., Feb. 19, 2008), *plaintiffs' objection overruled*, 2008 U.S. Dist. LEXIS 24269 (D. Kan., Mar. 26, 2008), after conditional certification, the plaintiffs resisted the defendant's efforts to serve minimal written discovery on over 100 opt-in plaintiffs and moved for a protective order. The court denied the plaintiffs' motion, overruled plaintiff's objections, rejected plaintiffs' proposal for "representative discovery," and permitted written discovery to be served on each opt-in plaintiff, stating that "plaintiffs have cited no authority for the proposition that conditional certification of a collective action mandates representative discovery. Indeed, the purpose of the second step of the ad hoc [conditional certification] analysis is to consider the unique circumstances of each plaintiff – an undertaking which would be nearly impossible without some amount of individualized discovery." *Renfro*, 2008 U.S. Dist. LEXIS 24269 at *8. The court in *Coldiron, 2004 U.S. Dist. LEXIS 23610* at *5-7, reached the same conclusion and compelled discovery from 306 opt-ins. As here, the defendant intended to move for decertification, and "the factual question whether the plaintiff is 'similarly situated' to the opt-in plaintiffs [was] still very much a live issue:"

> In a situation in which the propriety of a class action cannot be determined without discovery, it is an abuse of discretion to deny discovery . . . Here, the question of whether the plaintiffs are similarly situated within the meaning of 29 U.S.C. § 216(b) is still an issue because Pizza Hut plainly intends to move to

---

[5] In the Portal-to-Portal Act, under the title "Representative Actions Banned," Congress amended FLSA §16(b), 29 U.S.C. § 216(b), to preclude representative actions, and limited FLSA actions to similarly situated individuals who file consents to join the case. Pub. L. No. 52-49; secs. 5-7, 1947 U.S.C. Cong. Serv. 85. If representative actions are banned, opt-in plaintiffs cannot rely upon representative evidence.

>decertify the class. Based on that reason alone, discovery, including individualized discovery, is both necessary and appropriate. The court therefore holds that Pizza Hut may conduct individualized discovery from the opt-in plaintiffs.

*Id.* at *4-6; *Daniel*, 2010 U.S. Dist. LEXIS 294 at *4-5 (permitting individual discovery where the defendant intends to file a motion to decertify and seeks discovery on whether opt-ins are similarly situated). As in these cases, OfficeMax cannot obtain evidence necessary to decertify the class without individualized discovery.

### D. Requiring All Opt-in Plaintiffs to Respond to Limited Written Discovery is not Unduly Burdensome.

Although OfficeMax is entitled to conduct discovery with respect to each opt-in Plaintiff, it has made every effort to ensure that this discovery poses no undue burden. OfficeMax limited its written requests to just four interrogatories and five document requests, which are narrowly-tailored to determine individualized facts that go to the heart of whether plaintiffs are similarly situated. For instance, the requests seek documents relating to the responsibilities of the opt-in Plaintiffs when they worked for OfficeMax, including documents in which they described their job duties, recorded their hours of work, or communicated regarding their employment. The discovery requests also ask for the identity of witnesses familiar with the job duties performed by opt-in Plaintiffs and the hours they worked, as well as information relating to places where they reasonably might have discussed their employment, such as on social media and in employment inquiries to prospective employers.

In *Renfro v. Spartan Computer Servs., Inc.*, 2008 U.S. Dist. LEXIS 13194 at *7 (D. Kan., Feb. 19, 2008), the court permitted written discovery to be served on each of over 100 opt-ins, reasoning that where "[e]ach plaintiff filed a consent, which put them on notice that they might be expected to comply with discovery requests[,]" the "[p]laintiffs cannot now rely on conclusory statements that such requests are unduly burdensome to avoid such compliance." *Id.* The same is true here. Opt-in Plaintiffs knew of their obligation to participate in discovery and will not be unduly burdened by responding to less than ten written discovery requests, which should take them under an hour.[6]

For these reasons, OfficeMax respectfully requests that it be allowed to serve the discovery requests in Exhibits A and B on each opt-in Plaintiff who is not being deposed.

---

[6] Responding to OfficeMax's limited requests cannot present a colorable burden for the opt-in Plaintiffs, as the Federal Rules of Civil Procedure allow for much more onerous requests (25 interrogatories and unlimited document requests). The opt-ins are represented by two law firms who can allocate responsibility for the responses. Aside from the cost of a stamp (when email is unavailable) and perhaps a few photocopies, there is no cost to opt-ins to respond to the written requests. Plaintiffs cannot be excused from participating in the most modest of discovery, to which OfficeMax is entitled.

Honorable Leslie G. Foschio
July 29, 2014
Page 6

Very truly yours,

Timothy S. Anderson

TSA/tm
cc:  OfficeMax Incorporated
     Fran L. Rudich, Esq.
     Susan H. Stern, Esq.
     Lee J. Hutton, Esq.

Firmwide:127994567.2 056303.1044

| **Fax Call Report** | **HP LaserJet M4345 MFP Series** |
|---|---|
| | Page 1 |

## Fax Header Information

LITTLER MENDELSON P.C.
(216) 696-2038
Jul-29-2014 05:20 PM

| Job | Date/Time | Type | Identification | Duration | Pgs | Result |
|---|---|---|---|---|---|---|
| 98 | Jul-29-2014 05:07 PM | Send | 917165511855 | 12:09 | 19 | Success |



**FACSIMILE COVER SHEET**

July 29, 2014

| | | | | | |
|---|---|---|---|---|---|
| To: | Honorable Leslie G. Foschio<br>United States Magistrate Judge | Fax: | (716) 551-1855 | Phone: | |

Fax #(s) verified before sending (initial): _____

| | | | | | |
|---|---|---|---|---|---|
| From: | Timothy S. Anderson, Esq. | Fax: | (216) 649-0503 | Phone: | (216) 623-6118 |
| Length, including this cover letter: | | 7 | Pages | | |

If you do not receive all pages, please call Sender's Phone Number.

Message:

Re:  *Jeffrey Heitzenrater, et al. v. OfficeMax Incorporated, et al.*
U.S. District Court for the Western District of New York
Case No. 1:12-cv-00900-WMS-LGF

Firmwide:128147244.1 056303.1044

CONFIDENTIALITY -- The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: _____    User Number: __2302__

Littler Mendelson, P.C.
1100 Superior Avenue, 20th Floor, Cleveland, OH 44114
Tel: 216.696.7600 Fax: 216.696.2038 www.littler.com