UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JEFFREY HEITZENRATER, GERONIMO :
PADILLA, TIMOTHY HAWK, VALLIE :
MASIAS, JASON ROBINSON, and :
MARK GENOVESI, Individually and On :
Behalf of All Others Similarly Situated, :
 :
                Plaintiffs, :   Civil Action No. 1:12-cv-00900-WMS
 :
  -against- :
 :
OFFICEMAX, INCORPORATED and :
OFFICEMAX NORTH AMERICA, INC., :
 :
                Defendants. :
------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS ON DEFENDANTS' PRIVILEGE LOG
RELATED TO DEFENDANTS' AFFIRMATIVE DEFENSES OF
<u>GOOD FAITH AND LACK OF WILLFULNESS</u>**

Pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, the named and opt-in Plaintiffs respectfully move to compel the production of certain documents designated by Defendants OfficeMax, Incorporated and OfficeMax North America, Inc. ("OfficeMax" or "Defendants") to be privileged. OfficeMax has waived the privilege with respect to the documents that relate to OfficeMax's affirmative defenses of good faith and lack of willfulness.[1]

This motion is brought parallel to, and pursuant to the same authorities as, Plaintiffs' motion to compel the deposition testimony of Defendants' corporate representative regarding OfficeMax's affirmative defenses of good faith and lack of willfulness. *See* Plaintiffs' Motion To Compel Defendants' Corporate Representative To Testify As To Communications With

---

[1] Plaintiffs' counsel has moved to withdraw from representing Plaintiff Jason Robinson (Dkt. No. 136) and the instant motion has not been brought on Mr. Robinson's behalf.

Counsel Related To Defendants' Affirmative Defenses Of Good Faith And Lack Of Willfulness (ECF Docket No. 149; filed March 13, 2015). That motion is *sub judice* with Defendants' opposition due on March 27, 2015. Rather than repeat the legal authority and argument set forth at pages 2-3 and 6-10 of that motion, and to avoid burdening the Court with extra pages of repetitive argument, we incorporate those pages by reference herein.

Notwithstanding its affirmative defenses that it acted in good faith, with a clean state of mind, and that OfficeMax did not willfully violate the law, OfficeMax asserts privilege over documents addressing the classification of AMs and OfficeMax's apparent inquiries into the legality of the classification. OfficeMax cannot have it both ways. OfficeMax waived the attorney-client privilege with respect to these documents because it pled two affirmative defenses that require OfficeMax to prove that it acted in "good faith" when it made and maintained the classification decision (and any times that it re-evaluated the classification decision). *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *Scott v. Chipotle Mexican Grill, Inc.*, 2014 U.S. Dist. LEXIS 175775, at *232-34 (S.D.N.Y. Dec. 18, 2014) (citing *Bilzerian* and holding that defendant's assertion of good faith defense waived privilege despite defendants' "to plead around them by avoiding mention of the advice of counsel, except to disclaim it."); *Wang v. Hearst Corp.*, 2012 U.S. Dist. LEXIS 179609, at *4-8 (S.D.N.Y. Dec. 19, 2012) (same); ECF Docket No. 149 at pp. 2-3, 6-10.

There are numerous such documents on Officemax's privilege logs that are not privileged due to waiver. February 20, 2015 Privilege Log, attached as Exhibit A to Affirmation of Susan H. Stern ("Stern Aff."); Supplement March 13, 2015 Privilege Log ("Supp. Log"), attached as Exhibit B to Stern Aff. Many of these documents address the classification of the AM position and describe Officemax's uncertainties about the exemption status of the AM position. For

example, in June 2013, OfficeMax employees exchanged e-mails with the subject line "What could this mean for us?" Supp. Log (Ex. B) at entries 298-99 and 559-61. According to the privilege log descriptions, OfficeMax was worried about Office Depot's settlement of virtually identical claims with its assistant store managers and how the case might impact OfficeMax's classification of its AMs. Other documents similarly highlight OfficeMax's apprehensions about the AM exemption status and its need to "Develop [a] Game Plan" to address exemption issues. Privilege Log (Ex. A) at entries 18, 20-21, 28, 273, 279, 284-87, 302-03, 315, 652-54, and 659-60.

Even aside from these specific documents that are, by their subject lines, plainly on point as to the classification decisions at issue, many other entries on the privilege logs clearly relate to the classification of AMs, Defendants' training and communications concerning the FLSA and exemptions to the FLSA, and discussions about issues pertaining to the AM classification and job description, all of which implicate Defendants' good faith and lack of willfulness defenses. For example, the following list contains a sampling of the subjects of e-mails and titles of documents on Defendants' privilege log:

"Exempt Retail ASM pay issue;"

"Exempt Retail pay issue;"

"Question about Assistant Store Manager Classification;"

"SM/ASM Exemptions – Confidential – Attorney-Client Privileged Communication;"

"One more suggestion from systemic employment litigation round table;"

"ASM Exempt Status;"

"Retail exempt review;"

"Review Exempt Follow Up Items and Develop Game Plan;"

"Retail Exempt pay issue revised spreadsheet;"

"Today's Legal Call – Exemptions from OT;"

"Correspondence regarding FLSA training;"

"FLSA issues -- retail -- here are some thoughts on topics we agreed to follow up on -- for further discussion;"

"Update on Retail Exempt Pay Review -- Confidential -- Attorney-Client Privileged Communication;"

"Update to retail store job descriptions;"

"ASM Feedback Questionnaire Draft;" and

"Wage & Hour – Retail / CSC Audience."

*E.g.*, Privilege Log (Ex. A) at entries 18, 20-23, 28, 49-51, 54, 142-150, 160-62, 165-68, 172-78, 193-95, 207, 214-18, 227-28, 231, 235-42, 249, 251, 273-74, 277-79, 284-93, 295-303, 308-17, 319-20, 363-64, 386-87, 402-04, 410-12, 416-17, 420, 422, 434, 438-53, 455-57, 459-60, 463-64, 477, 491-92, 496-97, 501-04, 507-08, 510-14, 520-21, 524-26, 532, 537-46, 576, 591-92, 603, 607-10, 618, 622, 652-54, 659-60, and 689-90.

Relatedly, there also are documents relating to Defendants' reclassification of AMs as non-exempt employees who are entitled to overtime in or about June 2014. Deposition of Chris Richardson (Ex. C) at 14:23-16:20. The privilege logs list documents addressing the reclassification. Privilege Log (Ex. A) at entries 557-58; Supp. Log (Ex. B) at entries 233-34.

OfficeMax also has shielded from discovery other documents listed on its logs that relate to its affirmative defenses. For example, there are documents on the privilege log entitled "SM/ASM Exemption Affirmations," "Affirmations/Certifications for Exempt Retail Managers," and a "job duties acknowledgment form." Privilege Log (Ex. A) at entries. 148-150, 173-77,

410-11, 438-40, 457, and 478. These documents are specifically relevant to OfficeMax's affirmative defenses because OfficeMax may have forced AMs to sign these affirmations, certifications, and forms to avoid liability for overtime wages. It appears that OfficeMax may have provided specific training on how to do this. Privilege Log (Ex. A) at entries 357-58 ("Wage/Hour Training - Vignette 9 relating to the exemption and a portion of the certification of completion with instructions about the exemption.").

## CONCLUSION

For all the reasons set forth in Plaintiffs' prior motion to compel (ECF Docket No. 149) and above, Plaintiffs respectfully request that the Court enter an Order compelling Defendants to produce all documents that relate to their affirmative defenses of good faith and lack of willfulness, and granting any other further relief this Court deems just and proper.

Dated: March 24, 2015
      Rye Brook, New York

By: _____
Seth R. Lesser
Kurt Olsen**
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200


By:    /s/ SUSAN H. STERN
Gregg I. Shavitz*
Susan H. Stern*
Paolo C. Meireles*
Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432

5

*Admitted *Pro Hac Vice*
** To apply for admission *Pro Hac Vice*

Telephone: (561) 447-8888

***Attorneys for the Plaintiffs***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **March 24, 2015**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**/s/ Seth R. Lesser**
Seth R. Lesser

## SERVICE LIST
*Jeffrey Heitzenrater v. Officemax, Inc., et al*
**CASE NO.: 1:12-cv-00900-WMS**
**United States District Court, Western District of New York**

Trent M. Sutton
Email: tsutton@littler.com
LITTLER MENDELSON, P.C.
400 Linden Oaks, Suite 110
Rochester, NY 14625
Phone: 585.203.3400
Fax: 585.203.3414

Lee J. Hutton (admitted *pro hac vice*)
E-mail: lhutton@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114
Phone: 216.623.6140
Fax: 216.649.0522

Meredith C. Shoop (admitted *pro hac vice*)
Email: mshoop@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114
Phone: 216.623.6098
Fax: 216.937.0171

Timothy S. Anderson (admitted *pro hac vice*)
Email: tanderson@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor

Cleveland, OH 44114
Phone: 216.696.7600
Fax: 216.696.2038

Michael G. Congiu (admitted *pro hac vice*)
Email: mcongiu@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
Phone: 312-372-5520
Fax: 312-372-7880

Niloy Ray (admitted *pro hac vice*)
Email: nray@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: 612.630.1000
Fax: 612.630.9626

*Attorneys for Defendants*

**Served via CM/ECF**