UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY HEITZENRATER, et al.

                 Plaintiffs,

    v.

OFFICEMAX, INCORPORATED,
OFFICEMAX NORTH AMERICA, INC.,

                 Defendants.
_____

**REPORT
and
RECOMMENDATION**
------------------------------
**DECISION
and
ORDER**

12-CV-900S(F)

APPEARANCES:       JASON ROBINSON, *Pro Se*
1200 Meadowbright Lane
Cincinnati, Ohio   45230

RICHARD ORTECHO, *Pro Se*
13436 Hopkinton Court
Windermere, Florida   34786

GEORGE CONKLIN, *Pro Se*
103 Plymouth Boulevard
Smithtown, New York   11787

LARA COGHILL, *Pro Se*
1701 Camina Placer
Farmington, New Mexico   87401

MARK BAKER, *Pro Se*
3041 Amber Lane
Farmers Branch, Texas   75234

KLAFTER OLSEN & LESSER LLP
Attorneys for Plaintiffs
SETH R. LESSER,
FRAN L. RUDICH, of Counsel
Two International Drive, Suite 350
Rye Brook, New York   10573

1

LITTLER MENDELSON, P.C.
Attorneys for Defendants
TIMOTHY S. ANDERSON
LEE J. HUTTON, of Counsel
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114

In this action alleging violations of the Fair Labor Standards Act and state (New York, Illinois, and Ohio) wage and hour laws, Defendants, by papers filed November 7, 2014, moved to compel responses to Defendants' First Set of Interrogatories and First Requests for Document Production pursuant to Fed.R.Civ.P. 37 from certain named and opt-in Plaintiffs – Jason Robinson, Richard Ortecho, George Conklin, Lara Coghill, and Mark Baker -- ("Non-Responsive Plaintiffs") and for dismissal as a sanction (Doc. No. 133) ("Defendants' motion to compel and for sanctions"). Non-Responsive Plaintiffs were directed to file responses to Defendants' motion by May 13, 2015 (Doc. No. 160). In the court's order, Non-Responsive Plaintiffs were advised that their failure to respond could result in sanctions including possible dismissal and an award of attorneys fees.

At a hearing on Defendants' motion it was indicated by Plaintiffs' counsel that Plaintiffs' counsel had served, as required by the court (Doc. No. 162), copies of the court's order on Non-Responsive Plaintiffs and that no such service had been returned by the U.S. Postal Service (Doc. No. 167), nor had Non-Responsive Plaintiffs responded to the order. Defendants thereupon moved that based upon Non-Responsive Plaintiffs' failure to respond to the Defendants' motion to compel and for sanctions and such Plaintiffs' continued failure to provide the requested discovery, Non-Responsive Plaintiffs and their respective claims should be dismissed with prejudice from this action (Doc. No. 173). Based on Defendants' request, the undersigned, by

Order filed June 3, 2015 (Doc. No. 176), directed Non-Responsive Plaintiffs show cause why they and their claims should not be dismissed with prejudice.  Non-Responsive Plaintiffs were directed to file their responses to the show cause order by June 19, 2015.  Because Plaintiffs' counsel, upon prior motion (Doc. No. 136), were permitted to withdraw as counsel to Non-Responsive Plaintiffs (Doc. No. 173), the Clerk of Court was directed to serve Non-Responsive Plaintiffs by First Class U.S. Mail at the addresses which had been used by counsel in complying with court direction that counsel serve Non-Responsive Plaintiffs with a copy of the court's April 6, 2015 order.  Plaintiffs' counsel were permitted to withdraw based on the repeated failure of Non-Responsive Plaintiffs to communicate with counsel to enable counsel to respond to Defendants' outstanding discovery requests. *See* Doc. No. 136 Affirmation of Gregg I. Shavitz detailing counsel's unsuccessful efforts to contact Non-Responsive Plaintiffs over the preceding 90-day period.  To date, with the exception of Non-Responsive Party Robinson and Coghill, no such mailings have been returned to the court as undeliverable, and none of Non-Responsive Plaintiffs have otherwise responded to the court's orders.

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only where a court finds "willfulness, bad faith, or any fault'" by the non-compliant party.  *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990).  In assessing whether dismissal of an action to sanction non-compliance with a discovery order is warranted, courts consider "(1) the willfulness of the non-compliance party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the

duration of the period of . . . non-compliance; and (4) whether the non-compliant party had been warned of the consequences of non-compliance." *Agiwal,* 555 F.3d at 302-03 (internal quotation marks and citation omitted).  Here, Non-Responsive Plaintiffs failed to assist their counsel in responding to Defendants' motion to compel and for sanctions to such an extent that counsel were forced to request permission to withdraw.  Such Plaintiffs were requested to respond to Defendants' motion with notice that failure to respond including providing the requested discovery may result in dismissal with prejudice.  Doc. No. 160.  Approximately 60 days later, not having responded to the court's April 6, 2015 order, Non-Responsive Plaintiffs were requested by an order to show cause why their claims should not be dismissed with prejudice.  Doc. No. 176.  Non-Responsive Plaintiffs' repeated failures to communicate since August 2014 with counsel or respond to this court's order despite the court's efforts to assure these Plaintiffs had notice of the Defendants' motion and this court's orders, indicate a sufficient degree of willfulness and the complete absence of any excuse for failing to provide the discovery requested by Defendants' motion.  Indeed, Non-Responsive Plaintiffs' documented refusal to communicate with counsel or the court regarding these matters supports a finding that they have abandoned their claims, and, as such, no feasible alternative except dismissal with prejudice is warranted in these circumstances.  Although two of the Non-Responsive Plaintiffs – Robinson and Coghill – may not have received notice of the June 3, 2015 show cause order, because of a failure to provide the U.S. Postal Service with forwarding address information, these Plaintiffs' non-compliance with Local R.Civ.P. 5.2(a), requiring *pro se* litigants to provide the Clerk of Court with a current mailing address or suffer sanctions including dismissal with

prejudice, also supports dismissal with prejudice.  Accordingly, Defendants' motion to dismiss with prejudice pursuant to Fed.R.Civ.P. 37(d)(3) (sanctions for failure to provide discovery including sanctions for failure to comply with court ordered discovery) should be GRANTED and Non-Responsive Plaintiffs should be dismissed from this action with prejudice along with their respective claims.

## CONCLUSION

Based on the foregoing, Defendants' motion (Doc. No. 173) should be GRANTED; Defendants' motion to compel and for sanctions (Doc. No. 133) is DISMISSED as moot. The Clerk of Court shall serve copies of this Report and Recommendation upon Non-Responsive Plaintiffs at their respective last known addresses.

>    Respectfully submitted
> as to Defendants' motion to dismiss,
>
>    /s/ *Leslie G. Foschio*
>
>    _____
>    LESLIE G. FOSCHIO
>    UNITED STATES MAGISTRATE JUDGE

SO ORDERED as to Defendants'
motion to compel and for sanctions

   /s/ *Leslie G. Foschio*
_____
   LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Dated:  June 29, 2015
        Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 29, 2015
         Buffalo, New York